# EXHIBIT A

| | |
|---|---|
| Exhibit A-1 | Civil Summons and Complaint, filed in the Magistrate Court of Jefferson County, West Virginia, Case No. 14-C-83R, January 21, 2014 |
| Exhibit A-2 | Defendant Green Tree Servicing LLC's Motion to Dismiss, filed in the Magistrate Court of Jefferson County, West Virginia, Case No. 14-C-83R, February 26, 2014 |
| Exhibit A-3 | Notice of Hearing or Trial, Magistrate Court of Jefferson County, West Virginia, Case No. 14-C-83R, June 4, 2014 |
| Exhibit A-4 | Disposition Activity and Judgment Order, Magistrate Court of Jefferson County, West Virginia, Case No. 14-C-83R, June 23, 2014 |
| Exhibit A-5 | Notice of Appearance, Magistrate Court of Jefferson County, West Virginia, Case No. 14-C-83R, July 7, 2014 |
| Exhibit A-6 | Notice of Appeal, Magistrate Court of Jefferson County, West Virginia, Case No. 14-C-83R, July 7, 2014 |
| Exhibit A-7 | Plaintiff's Motion to File First Amended Complaint, Circuit Court of Jefferson County, West Virginia, Civil Action No. 14-C-AP-2, July 22, 2014 |
| Exhibit A-8 | Order Granting Leave to File First Amended Complaint, Circuit Court of Jefferson County, West Virginia, Civil Action No. 14-C-AP-2, July 24, 2014 |
| Exhibit A-9 | Plaintiff's First Amended Complaint, Circuit Court of Jefferson County, West Virginia, Civil Action No. 14-C-AP-2, July 24, 2014 |
| Exhibit A-10 | Stipulation to Extend Time to Respond to Plaintiff's First Amended Complaint, Circuit Court of Jefferson County, West Virginia, Civil Action No. 14-C-AP-2, August 5, 2014 |

**EXHIBIT A-1**

IN THE MAGISTRATE COURT OF _____ **JEFFERSON** _____ COUNTY, WEST VIRGINIA

| | |
|---|---|
| Plaintiff's name & address: | Name & address of plaintiff's attorney, if applicable: |

**CURT RICE**
**97 STEPHANIE WAY**
**CHARLES TOWN, WV  25414**

v.

Defendant's name & address:

**GREEN TREE SERVICING LLC**
**1400 TURBINE DR**
**RAPID CITY, SD  57703**

Case No.  **14-C-83 R**

**DATE RECEIVED**

FEB 06 2014

## CIVIL SUMMONS

In the name of the State of West Virginia, **GREEN TREE SERVICING LCORPORATE LEGAL**
as a defendant named in the above-styled civil action, you are hereby summoned to appear before or make answer to the
**JEFFERSON** _____ County Magistrate Court at 110 N. GEORGE ST. CHARLES TOWN, WV 25414
within **20** days from the date you receive service of this summons.  If you fail to appear or otherwise answer,
judgment by default may be taken against you for the relief demanded in the complaint.

_Bonnie L. Deal (CATC)_
Magistrate Court Clerk *(sign and affix court seal)*

01/28/14
Date

**NOTICE:**  Any party in a civil action seeking over $20.00 or possession of real estate has the right to elect that the case be tried by a jury.
You must give written notice to the magistrate court either 20 days from when the first timely answer to the complaint is made or 5 days from
when service of the summons and complaint is made for unlawful entry or detainer actions.  If you do not notify the magistrate court within
the appropriate time period, you give up your right to a jury trial.  The jury fee will be assessed against the losing party if the case is tried by
a jury or may be prorated between the parties if the case is settled before trial.

**(OPTIONAL) NOTICE OF ELECTION:** As defendant in the above action, I wish to have a jury trial.

| | |
|---|---|
| Signature | Date |

**NOTICE:**  Any person involved in court proceedings who has a disability and needs special accommodation should inform the court
sufficiently in advance so that arrangements can be made if possible.

## SERVICE OF PROCESS
*(To be completed ONLY by a process server when the method of service is personal service.)*
**METHOD OF SERVICE** *(check one):* A. ☐ Defendant was served in person. B. ☐ Defendant was not found. C. ☐ Substituted personal
service; the defendant was not found at his/her usual place of abode, so a copy of the summons and complaint was delivered and the
purpose explained to _____, who is a member of the defendant's family above the age of 16.

Service was completed on the _____ day of _____ by delivery of a true written copy of
the Summons together with the Complaint by *(check one):*
A. ☐ Certified Mail

B. ☐ Sheriff's Process Server _____ Signature _____
Name *(print)*
C. ☐ Private Process Server/Credible Person _____
Name and Address *(print)*
I received $_____ from the plaintiff for serving the within summons on the defendant.

Signature of Private Process Server _____ Date _____

STATE OF WEST VIRGINIA, COUNTY OF _____, to-wit:

The foregoing instrument was taken, subscribed and sworn to or affirmed and acknowledged before me this _____ day of _____.

Magistrate Court Personnel or Notary Signature _____. If notary, date commission expires: _____.

W.Va. Code §§ 50-4-5, 50-4-10, 50-5-8(a); Mag.Ct.Civ.Rules 3, 10; Cir.Ct.Civ.I Rule 4

| Copy Distribution: | |
|---|---|
| ☐ | Return |
| ☐ | Defendant |
| ☐ | File |
| ☐ | Plaintiff |

SCA-M220NP/ 10-00

Sheriff

*Original Complaint*

60
20
80

IN THE MAGISTRATE COURT OF _Jefferson_ _____ COUNTY, WEST VIRGINIA

Name, Address & Phone Number of Plaintiff:

Curt Rice
97 Stephanie Way
Charles Town, WV. 25914

Case No. _14 C 83_

v.

Name, Address & Phone Number of Defendant

Green Tree Servicing, LLC
1400 Turbine Dr.
Rapid City, SD 57703
(800) 643-0202

— fold here —                                — fold here —

## CIVIL COMPLAINT

The above-named plaintiff or _____, on behalf of the plaintiff acting in the capacity

of _____, alleges the following as true and accurate *[give a clear and simple statement of the claim against*

*the defendant(s)]:* Defendant has billed and removed funds from escrow account
for Private Mortgage Insurance (PMI) after automatic termination date.
Account is for Primary Residence in Jefferson County, WV.
and requests the following relief from the court: Refund of $188.10 for Feb. PMI payment
+ $1000.00 for time spent collecting/pursuing refund.
Total Amount: $1188.10

_____          1/21/14
Signature                        Date

**NOTICE:** Any party in a civil action seeking over $20.00 or possession of real estate has the right to elect that the case be tried by a jury. You must give <u>written</u> notice to the magistrate court either 20 days from when the first timely answer to the complaint is made or 5 days from when service of the summons and complaint is made for unlawful entry and detainer actions. If you do not notify the magistrate court within the appropriate time period, you give up your right to a jury trial. The jury fee will be assessed against the losing party if the case is tried by a jury or may be prorated between the parties if the case is settled before trial.

**(OPTIONAL) NOTICE OF ELECTION:**
As plaintiff in the above action, I wish to have a jury trial.

_____          1/21/14
Signature                        Date

**NOTICE:** Any person involved in court proceedings who has a disability and needs special accommodations should inform the court sufficiently in advance so that arrangements can be made if possible.

W.Va. Code §§ 50-4-1, 50-5-8(a); Mag. Ct. Civ. Rules 2, 6A

SCA-M207 / 10-94
Docket Code(s): ($MCIC1 | $MCIC2 | $MCIC3 | $MCIC4) & MCSDA

☐ Return
☐ Defendant
☐ File
☐ Plaintiff

IN THE MAGISTRATE COURT OF _____ JEFFERSON _____ COUNTY, WEST VIRGINIA

Plaintiff
_____

v.                                              Case No. _____

Defendant(s)
_____

## ANSWER

I, _____, as a defendant in the above case answer the allegations in the complaint by

☐ admitting the matters set forth in the complaint and confessing judgment.

    or

☐ denying the matters set forth in the complaint
☐ admitting in part and denying in part the matters set forth in the complaint

    and *(if applicable)*

      ☐ raising defense(s) explained below
      ☐ asserting a counterclaim explained below
      ☐ asserting a cross-claim explained below

and further state: _____

_____

_____

_____

_____

Defendant's signature, address and phone number: _____      Date _____

NOTICE TO DEFENDANT: One copy of this answer must be filed with the court and one copy must be mailed or delivered by hand to the attorneys for all other parties or to the parties themselves if they are not represented by attorneys.

### CERTIFICATE OF SERVICE

I, _____, hereby certify that I have served a copy of the above answer on the attorneys for all parties, or if such parties are not represented by attorneys, to the parties themselves on the _____ day of _____

☐ by hand ☐ by first-class mail to:

Name and address of attorneys or parties served: _____

_____      _____
Signature                             Date

NO CELL PHONES
ALLOWED
IN BUILDING

W.Va. Code § 50-4-9; Mag. Ct. Civ. Rules 4, 5, 8, 9

SCA-M225 / 8-94

☐ Court File
☐ Plaintiff
☐ Defendant

**EXHIBIT A-2**

IN THE MAGISTRATE COURT OF JEFFERSON COUNTY, WEST VIRGINIA

CURT RICE,

     Plaintiff,

v.                                  Case No: 14-C-83R

GREEN TREE SERVICING, LLC,

     Defendant.

### DEFENDANT GREEN TREE SERVICING LLC'S MOTION TO DISMISS

The Complaint filed by plaintiff Curt Rice ("Plaintiff") against defendant Green Tree Servicing LLC ("Green Tree") should be dismissed for failure to state a claim. Plaintiff claims that Green Tree has charged him for private mortgage insurance ("PMI") after the date that the requirement for PMI automatically terminated. This is incorrect. The Private Mortgage Insurance Disclosure signed by the Plaintiff at origination clearly states that the PMI will automatically terminate on January 1, 2016. Thus, Plaintiff's Complaint should be dismissed with prejudice pursuant to Rules 12 and 15 of the Rules of Civil Procedure for Magistrate Courts.

### I.    STANDARD OF REVIEW

Rule 12(a)(4) of the Rules of Civil Procedure for Magistrate Courts permit the filing of a written motion at any time prior to trial. R. Civ. P. For Mag. Ct., R. 12(a)(4). Rule 15 of the Rules of Civil Procedure for Magistrate Courts allows a Complaint to be dismiss "as provided by law." R. Civ. P. For Mag. Ct., R. 15.

### II.    ARGUMENT

On January 21, 2014, Plaintiff filed a *pro se* Complaint against Green Tree alleging that: Defendant has billed and removed funds from escrow account for Private

Mortgage Insurance (PMI) after automatic termination date.   Account is for Primary Residence in Jefferson County, WV.

(Compl.)   Plaintiff requests reimbursement of the $188.10 paid for PMI in February 2014, plus $1,000 for "time spent collecting/pursuing refund." (*Id.*)

Private mortgage insurance is common in the residential lending business.   It is frequently required when a borrower's loan amount is greater than 80% of the value of the real property that secures the loan, i.e., the Loan to Value ("LTV") ratio is greater than 80%.   It protects the lender or holder of the loan from the risk of loss caused by the borrower's default. With PMI, a borrower is able to finance the purchase of a home before the borrower has saved enough money to make the 20% downpayment that is typically required by banks and mortgage lenders.

The conditions and terms under which PMI may be terminated are regulated by federal law.   12 U.S.C. § 4902.   In addition, at origination, the borrower is given a Private Mortgage Insurance Disclosure which details the PMI requirement and the terms and conditions by which the PMI on such borrower's loan may be terminated.

In this instance, Plaintiff was given and signed at origination, on August 24, 2006, a Private Mortgage Insurance Disclosure ("PMI Disclosure"), a copy of which is attached as Exhibit A.[1]   The PMI Disclosure explains the conditions that must be met should Plaintiff request cancellation of the PMI ("Borrower Requested Cancellation of PMI"), and it states specifically, that the PMI "will automatically terminate on the date the principal balance of your loan is first *scheduled* to reach 78% of the original value of the property.  This date is January 1, 2016." (Ex. A, emphasis in original).

---

[1] A court may consider documents incorporated in the Complaint, even when such documents are not attached to the Complaint. *Litig. Handbook on W. Va. R. of Civ. P.*, Franklin D. Cleckley, Robin Jean Davis, Louis J. Palmer, Jr., at 348 § 12(b)(6) (3d ed. 2008).

Clearly we are not past January 1, 2016; it is still 22 months into the future.  Thus, Plaintiff's claim that he is being billed for PMI after the automatic termination date is not valid and should be dismissed.  Because Plaintiff fails to state a claim for which relief can be granted, an order dismissing the Complaint with prejudice is appropriate.

## III.   CONCLUSION

Based on the foregoing, Green Tree requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice and granting Green Tree such other and further relief as this Court deems proper.

**GREEN TREE SERVICING LLC**

**By: Spilman Thomas & Battle, PLLC**

Debra Lee Hovatter (W. Va. Bar No. 9838)
48 Donley Street, Suite 800 (26501)
P.O. Box 615
Morgantown, WV 26507-0615
304.291.7920
304.291.7979 *(facsimile)*

and

Angela L. Beblo (W. Va. Bar No. 10345)
300 Kanawha Blvd., East
P.O. Box 273
Charleston, WV  25321-0273
304.340.3800
304.340.3801 *(facsimile)*

# PRIVATE MORTGAGE INSURANCE DISCLOSURE
(Fixed Rate Mortgages)

Date: August 24, 2006

BORROWER(S) NAME AND PROPERTY ADDRESS
**Curt Rice**
97 Stephanie Way
Charles Town, WV 25414

LENDER(S) NAME AND ADDRESS
**HomeAmerican Mortgage Corporation**
7595 Technology Way
Denver, CO 80237

LOAN NO.
3556

PMI CERTIFICATE NO.
0578

You are obtaining a mortgage loan that requires private mortgage insurance ("PMI"). PMI protects lenders and others against financial loss when borrowers default. Charges for the insurance are added to your loan payments.

Under certain circumstances, federal law gives you the right to cancel PMI or requires that PMI automatically terminate. This disclosure describes when cancellation and termination may occur. Please note that PMI is *not* the same as property/casualty insurance—such as homeowner's or flood insurance—which protects you against damage to the property. Cancellation or termination of PMI does *not* affect any obligation you may have to maintain other types of insurance.

In this disclosure, "loan" means the mortgage loan you are obtaining; "you" means the original borrower (or his or her successors or assigns); and "property" means the property securing the mortgage loan.

**Initial Amortization Schedule**
An amortization schedule showing the principal and interest due on your loan, along with the balance remaining after each scheduled payment, is attached for your reference.

**Borrower Requested Cancellation of PMI**
You have the right to request that PMI be canceled on or after the following dates:
(1)   The date the principal balance of your loan is first *scheduled* to reach 80% of the original value of the property. This date is     November 01, 2014     . (If your loan has a balloon feature with a fixed interest rate and no conditional right to refinance, this date will not be reached before your loan matures.)
(2)   The date the principal balance *actually* reaches 80% of the original value of the property.

"Original value" means the lesser of the contract sales price of the property or the appraised value of the property at the time the loan was closed. If this loan refinances an existing loan secured by the property, "original value" means the appraised value relied on by the lender to approve this loan.

PMI will only be canceled if all the following conditions are satisfied:
(1)   you submit a written request for cancellation;
(2)   you have a good payment history;
(3)   you are current on the payments required by your loan; and
(4)   we receive, if requested and at your expense, evidence satisfactory to the holder of your loan that the value of the property has not declined below its original value, and certification that there are no subordinate liens on the property.

A "good payment history" means no payments 60 or more days past due within two years and no payments 30 or more days past due within one year of the later of (a) the cancellation date, or (b) the date you submit a request for cancellation.

**Automatic Termination of PMI**
If you are current on your loan payments, PMI will automatically terminate on the date the principal balance of your loan is first *scheduled* to reach 78% of the original value of the property. This date is     January 01, 2016     . (If your loan has a balloon feature with a fixed interest rate and no conditional right to refinance, this date will not be reached before your loan matures.) If you are *not* current on your loan payments as of that date, PMI will automatically terminate on the first day of the month immediately following the date you thereafter become current on your payments.

**Exceptions to Cancellation and Automatic Termination**
The cancellation and automatic termination requirements described above do not apply to certain loans that may present a higher risk of default. Your loan, however, does not fall into this category. Accordingly, the cancellation and automatic termination provisions described above apply to your loan.

By signing below, I/we hereby acknowledge receipt of this Private Mortgage Insurance Disclosure.

_____   8/24/06
Borrower Curt Rice              Date

Borrower _____   Date

_____   _____
Borrower                         Date

Borrower _____   Date

_____   _____
Borrower                         Date

Borrower _____   Date

© 1990, 2001 America's Community Bankers®, Mortgage Bankers Association of America
ITEM 9550L0 (0107)

GreatDocs ™
To Order Call: 1-800-968-5775
3556

**EXHIBIT**

**A**

**IN THE MAGISTRATE COURT OF JEFFERSON COUNTY, WEST VIRGINIA**

**CURT RICE,**

    **Plaintiff,**

**v.**                                    **Case No: 14-C-83R**

**GREEN TREE SERVICING, LLC,**

    **Defendant.**

## CERTIFICATE OF SERVICE

    I, Debra Lee Hovatter, hereby certify that a true copy of the foregoing **Defendant Green Tree Servicing LLC's Motion to Dismiss** was served upon the parties herein this 26th day of February, 2014, by United States Mail and addressed as follows:

Curt Rice
97 Stephanie Way
Charles Town, WV 25414
*Pro Se Plaintiff*

Debra Lee Hovatter (WV Bar No. 9838)

# EXHIBIT A-3

Jun. 5. 2014  9:19PM                                                    No. 1597  P. 1

**IN THE MAGISTRATE COURT OF** _____Jefferson_____ **COUNTY, WEST VIRGINIA**

Curt Rice

97 Stephanie Way

Charles Town, WV  25414

v.                                              Case No.  14C-83
Green Tree Servicing LLC

1400 Turbine Dr                                 [Offense(s) charged: _____ ]
                                                        *(if applicable)*
Rapid City, SD  57703

## NOTICE OF HEARING OR TRIAL

The above case is scheduled to be heard as outlined below.  The hearing will take place before

Magistrate Mary Paul Rissler _____ in the

Magistrate Court located at:  the Judicial Center, 110 N George Street in Charles Town, WV

304-728-3233

_____ on *(date)*  Monday, June 23, 2014

|  | for | ☐ | Preliminary Hearing |
|---|---|---|---|
|  |  | ☐ | Trial |
| Time: 10:00 a.m. |  | ☐ | Motion to Set Aside Judgment |
|  |  | ☒ | Other:  PRETRIAL/MOTION TO DISMISS |
|  |  |  | cc: Plaintiff and Defendant by mail |
|  |  |  | Debra Hovatter, Angela Beblo for Def |

_____Ellen E Dalgarn_____                      June 4, 2014
Magistrate Court Clerk or Assistant                Date Notice Mailed

**ADDITIONAL NOTICE TO ALL PARTIES:  If any party wishes to request (1) transfer to another magistrate, (2) a continuance (delay), (3) removal of a civil case to circuit court, or (4) any other motion which, if granted, would require rescheduling of the hearing or trial, the party or the party's attorney must do so in writing not less than 10 days before the first date scheduled for such hearing or trial, unless good cause or excusable neglect is shown as to why such request was not made within that time.**

**The procedures governing motions to transfer to another magistrate are set forth in Rule 1B of the Administrative Rules for Magistrate Courts.**

FORMS FOR SUCH MOTIONS OR REQUESTS ARE AVAILABLE FROM THE MAGISTRATE COURT.

Mag. Civ. Rules 11, 12; Mag. Crim. Rules 11, 12; Mag. Admin. Rule 1B          ☐ File
                                                                              ☐ Plaintiff/Prosecutor
SCA-M1011/3-97                                                                 ☐ Defendant

**EXHIBIT A-4**

IN THE MAGISTRATE COURT OF _____ COUNTY, WEST VIRGINIA  CASE NUMBER _____

## CIVIL
### CASE HISTORY

Filing date: 01/23/2014
Reissue date:
Prejudgment attachment:
Counter/cross claim:
Financial affidavit
Statutory bond?:
Notes:

Plaintiff, Address, Tel.

CORY RICE
97 STONGATE WAY
CHARLES TOWN     WV 25414

Nature of action:   OTHER

Method:  CM
Service date:  2/3/14
Answer due date: _____
Answer date:

Defendant, Address, Tel.

v.

GREEN TREE SERVICING LLC
1400 TURPINE DR
RAPID CITY        SD 57702

Assigned Mag.:  Rissler
Transf. to:
Transf. to:
Trial mag.:

Notes: _____

---

### FISCAL DATA

| | |
|---|---|
| Mag. Court Fund | $_____ |
| RJA fee | _____ |
| Process fee, sheriff | _____ |
| Cert. or reg. mail | _____ |
| 1st-class mail | _____ |
| 1st-class mail & envel. | _____ |
| Process fee, Sec. of St. | _____ |
| Other: _____ | _____ |
| Other: _____ | _____ |
| Total due: | $_____ |

| Date | Mag | Rec.# | |
|---|---|---|---|
| 01/23/2014 | SCR | 14-00268 | $ 80.00 |

### PRETRIAL ACTIVITY

Pl. P-T motions filed: _____
Def. P-T motions filed _____
Jury request date: _____ By:
Affidavit of prejudice date: _____ By:
Affidavit of prejudice date: _____ By:
Removal to circuit court:
Pl.'s attorney:
Def.'s attorney:

| Hearing Dates | | Continuances | | |
|---|---|---|---|---|
| On P-T motions: | Time: | By: | To: | Time: |
| P-T conf.: | Time: | By: | To: | Time: |
| Original trial: | Time: | By: | To: | Time: |
| Other: _____ | | By: _____ | To: _____ | Time: _____ |

---

### DISPOSITION ACTIVITY AND JUDGMENT ORDER

*Defendants*

Dismissal: ☐ Complaint widrawn  ☒ Other *Motion to dismiss - granted w/o prejudice* ☐ W/prejudice  Date: 6-23-14
☐ Default judgment affidavit          ☐ Confession       Judgment amount:          Favor of:
Trial: ☐ Bench  ☐ Jury  ☐ Mistrial              Judgment date:          Possession of property?:
After considering evidence and authorities, the _____ court _____ jury finds, and the court enters a judgment as follows:

for $ _____ plus $ _____ court costs plus interest on total at _____ % per year from date of judgment.

_____ Magistrate

---

### POST-JUDGMENT ACTIVITIES

Post-judgment motion date(s): ☐ Set-aside _____  ☐ Stay _____  ☐ Quash _____  ☐ Other: _____
Post-judgment hearing date(s): _____ Status: ☐ Granted ☐ Set for new trial ☐ Denied
Appeal filed date: _____  Appeal bond amount: _____  Type: _____ Bond posted date: _____
Appeal forwarded to Circuit Court date: _____
Writs: Possession: _____  Execution: _____  Suggestion: _____  Sugg. execution: _____  Other: _____
Judgment satisfied date: _____

---

### CERTIFICATION BY CLERK

I, _____, hereby certify that the above is a true and complete record of all proceedings in the above
civil action, filed in my office.

GIVEN UNDER MY HAND THIS _____ DAY OF _____ , 20 _____

SCA-M405B/2-90                                                   _____ Clerk

**EXHIBIT A-5**

IN THE MAGISTRATE COURT OF JEFFERSON COUNTY, WEST VIRGINIA

CURT RICE

          Plaintiff,

vs.                                    Case No. 14-C-83 R

GREEN TREE SERVICING, LLC,

          Defendant.



## NOTICE OF APPEARANCE

Comes Now the Plaintiff, Curt Rice, by counsel Andrew C. Skinner and Skinner

Law Firm, and provides notice that the Plaintiff is hereinafter represented by Andrew C.

Skinner and Skinner Law Firm.

                                          <u>Curt Rice</u>
                                          By counsel

Andrew C. Skinner, Esquire
W.Va. Bar # 9314
SKINNER LAW FIRM
P.O. Box 487
Charles Town, West Virginia 25414
Telephone: (304) 725-7029
Facsimile: (304) 725-4082

**EXHIBIT A-6**



# IN THE MAGISTRATE COURT OF JEFFERSON COUNTY, WEST VIRGINIA

CURT RICE

      Plaintiff,

vs.                              Case No. 14-C-83 R

GREEN TREE SERVICING, LLC,

      Defendant.

## NOTICE OF APPEAL

Comes Now the Plaintiff, Curt Rice, by counsel Andrew C. Skinner and Skinner Law Firm, and provides notice that the Plaintiff appeals this Magistrate Court's Order dated June 23, 2014, granting the Defendant Green Tree Servicing, LLC's Motion to Dismiss.

Pursuant to Rule 18 of the Rules of Civil Procedure for Magistrate Courts, this appeal shall be heard *de novo* in the Circuit Court of Jefferson County.

Curt Rice
By counsel

_____

Andrew C. Skinner, Esquire
W.Va. Bar # 9314
SKINNER LAW FIRM
P.O. Box 487
Charles Town, West Virginia 25414
Telephone: (304) 725-7029
Facsimile: (304) 725-4082

IN THE MAGISTRATE COURT OF JEFFERSON COUNTY, WEST VIRGINIA

CURT RICE

      Plaintiff,

vs.                                      Case No. 14–C–83 R

GREEN TREE SERVICING, LLC,

      Defendant.

## CERTIFICATE OF SERVICE

    I, Andrew C. Skinner, of Skinner Law Firm, counsel for the Plaintiff do hereby certify that I have served the foregoing **NOTICE OF APPEAL** upon the Defendant by mailing a true copy thereof to its counsel, Debra Lee Hovatter, Esquire, at her mailing address of Spilman Thomas & Battle, PLLC, 48 Donley Street, Suite 800, Post Office Box 615, Morgantown, West Virginia  26507-0615, this _____ day of July, 2014.

                                    _____

                                      Andrew C. Skinner

**EXHIBIT A-7**



IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

CURT RICE,

        Plaintiff,

v.                         Civil Action No.  14-C-AP-2

GREEN TREE SERVICING, LLC,

        Defendant.

### PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff Curt Rice, by and through counsel Andrew C. Skinner and Skinner Law Firm, and respectfully moves this Honorable Court pursuant to West Virginia Rule of Civil Procedure 15 to allow him to file his First Amended Complaint, and in support does state as follows:

### INTRODUCTION

Plaintiff Curt Rice bought a house in 2006 and financed the purchase with a mortgage loan that is serviced by the Defendant Green Tree Servicing, LLC ("Green Tree").  As part of this mortgage, Plaintiff has been required to pay Private Mortgage Insurance ("PMI") every month.  Under federal law, this PMI has an automatic termination date after which a servicer such as Defendant can no longer force the borrower to pay PMI.  In 2010, Plaintiff and the holder of the mortgage loan agreed to modify the terms of the loan.  Under the federal law that sets the standard for termination of PMI, this loan modification moved the automatic termination date sooner, from January 2016 to January 2014.  Despite the January 2014 automatic termination date,

1

Defendant has continued to collect PMI from Plaintiff. If Plaintiff is forced to continue

to pay PMI in violation of this federal statute, then he will have paid nearly $15,000 in

unnecessary PMI premiums to Defendant. Plaintiff seeks to enforce his rights under the

Homeowners Protection Act and to hold Defendant responsible under the West Virginia

Consumer Credit and Protection Act for misrepresenting what he owes.

### PROCEDURAL HISTORY

The automatic termination date for Plaintiff's PMI was January 1, 2014. Despite

this automatic termination date, Defendant Green Tree continued to collect PMI

premiums from Plaintiff. Plaintiff complained to Green Tree, asking that it cease

collecting these payments and that it refund his overpayments. Defendant Green refused.

Plaintiff filed a *pro se* complaint in the Magistrate Court of Jefferson County, Case

Number 14-C-83, on January 21, 2014, seeking a refund of his February 2014 PMI

payment because it was after the PMI's "automatic termination date." *See* Complaint.

On February 26, 2014, Defendant filed a motion to dismiss, citing 12 U.S.C. §

4902 to the Magistrate Court and noting that the terms and conditions under which PMI

could be terminated were regulated by that federal law. Defendant never sought to

remove Plaintiff's suit to circuit court or to federal court.

On June 23, 2014, the Magistrate Court granted the Defendant's motion to

dismiss. On July 7, 2014, Plaintiff timely filed a Notice of Appeal. Because the

Magistrate Court decided Plaintiff's case without a jury, this Court receives the appeal *de*

*novo*.

Following the dismissal of his claim, Plaintiff hired the undersigned to protect his interests. Plaintiff now seeks to amend his original Complaint. The original Complaint was drafted *pro se* and does not adequately state his claim under the Homeowners Protection Act of 1998. Moreover, Plaintiff seeks to add claims for violation of the West Virginia Consumer Credit and Protection Act.

## ARGUMENT

West Virginia Rule of Civil Procedure 15(a) states that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." Plaintiff filed his initial *pro se* Complaint in Magistrate Court on January 21, 2014, seeking a refund of his February 2014 PMI payment because it was after the PMI's "automatic termination date." On February 26, 2014, Defendant filed a Motion to Dismiss. No Answer was filed in this case. The Magistrate Court dismissed Plaintiff's Complaint prior to a responsive pleading. Because Plaintiff's appeal to this Court is *de novo*, Plaintiff is within the time frame for amending his Complaint as a matter of course.

Moreover, in order to serve the requirements of justice, amended and supplemental pleadings should be liberally allowed. *Yoho v. Triangle PWC, Inc.,* 336 S.E.2d 204, 207 (W.Va. 1985). "Rule 15, by terms, is to be constructed liberally in order to promote the consideration of claims on their merits." *Brooks v. Isinghood,* 584 S.E.2d 531, 540 (W.Va. 2003). The Supreme Court of Appeals of West Virginia has held that "motions to amend should always be granted under Rule 15 when: (1) the amendment permits the presentation of the merits of the action; (2) the adverse party is not prejudiced by the sudden assertion of the of the subject of the amendment; and (3) the adverse party

3

can be given ample opportunity to meet the issue." *Walker v. Option One Mortg. Corp.,*
649 S.E.2d 233, 237 (W.Va. 2007) (citations omitted).

To serve the requirements of justice in this case, this Court should allow the
amendment of Plaintiff's Complaint. All elements of the West Virginia Rule that
liberally allows amendments are met in this case. Therefore, the Plaintiff respectfully
asks the Court for leave to amend his Complaint. A copy of the First Amended
Complaint and a proposed Order allowing amendment are attached to this motion.

**CURT RICE**
By Counsel

Andrew C. Skinner (WVSB# 9314)
SKINNER LAW FIRM
115 East Washington Street East
P. O. Box 487
Charles Town, WV 25414
(304) 725-7029

4

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

CURT RICE,

      Plaintiff,

v.                            Civil Action No.  14-C-AP-2

GREEN TREE SERVICING, LLC,

      Defendant.

## CERTIFICATE OF SERVICE

I, Andrew C. Skinner, of Skinner Law Firm, counsel for the Plaintiff do hereby certify that I have served the foregoing **PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT and proposed ORDER** upon the Defendant by mailing a true copy thereof to its counsel, Debra Lee Hovatter, Esquire, at her mailing address of Spilman Thomas & Battle, PLLC, 48 Donley Street, Suite 800, Post Office Box 615, Morgantown, West Virginia  26507-0615, this _22nd_ day of July, 2014.

                               _____

                               Andrew C. Skinner

**EXHIBIT A-8**

D. Hovatter

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

CURT RICE,

**RECEIVED**

Plaintiff,

JUL 24 2014  ʍ◯

JEFFERSON COUNTY
CIRCUIT CLERK

v.                                          Civil Action No.  14-C-AP-2

GREEN TREE SERVICING, LLC,

Defendant.

### ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT

This __24__ day of ___July___, 2014, this matter came before the Court on

Plaintiff's Motion for Leave to File a First Amended Complaint and Memorandum in

Support of Motion.

The Court notes that amendments are liberally granted under West Virginia law.

"[M]otions to amend should always be granted under Rule 15 when: (1) the amendment

permits the presentation of the merits of the action; (2) the adverse party is not prejudiced

by sudden assertion of the subject of the amendment; and (3) the adverse party can be

given ample opportunity to meet the issue." *Walker v. Option One Mortg. Corp.*, 649

S.E.2d 233, 237 (W.Va. 2007) (citation omitted).

In considering this matter, the Court **FINDS** and **CONCLUDES** that the proposed

amendment would better permit presentation of the merits of the action; that none of the

parties will be prejudiced by the proposed amendment, and that Defendant will have

ample time to meet the issues raised by the proposed amendment.  Therefore, pursuant to

West Virginia law and for good cause shown, the Court **ORDERS** that the Plaintiff's

Motion for Leave to File a First Amended Complaint should be and hereby is

**GRANTED**.

The First Amended Complaint shall be deemed served on Defendant as of the date of entry of this Order.  The Clerk will file the First Amended Complaint, which is attached to the Motion, as the operative pleading in this case, and it is so **ORDERED** and **ADJUDGED**.

The Clerk will enter the foregoing Order as of the day and date set forth below and provide copies to all parties of record as follows:

Andrew C. Skinner, Esquire
Skinner Law Firm
P.O. Box 487
Charles Town, WV 25414

Debra Lee Hovatter, Esquire
Spilman Thomas & Battle, PLLC
48 Donley Street, Suite 800
Post Office Box 615
Morgantown, West Virginia  26507-0615

Enter: _7/24/14_

Judge of the Circuit Court of
Jefferson County, WV

2cc:
A. SKINNER
D. HOVATTER
7/24/14
NO

A TRUE COPY
ATTEST:

LAURA E. STORM
CLERK
JEFFERSON        TY, W.VA

BY

DEPUTY CLERK

# EXHIBIT A-9

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

CURT RICE,

      Plaintiff,

v.                           Civil Action No.  14-C-AP-2

GREEN TREE SERVICING, LLC,

      Defendant.

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff Curt Rice, by and through counsel Andrew C. Skinner and Skinner Law Firm, and for his First Amended Complaint, does state as follows:

### INTRODUCTION

Plaintiff Curt Rice bought a house in 2006 and financed the purchase with a mortgage loan that is serviced by the Defendant Green Tree Servicing, LLC ("Green Tree"). As part of this mortgage, Plaintiff has been required to pay Private Mortgage Insurance ("PMI") every month. Under federal law, this PMI has an automatic termination date after which a servicer such as Defendant can no longer force the borrower to pay PMI. Under this federal law, the termination date has come and gone, yet Defendant is still collecting PMI payments from Plaintiff.

In 2010, Plaintiff and the holder of the mortgage loan agreed to modify the terms of the loan. Under the federal law that sets the standard for termination of PMI, this loan modification moved the automatic termination date sooner than what the closing

1

paperwork indicated, from January 2016 to January 2014. Despite the January 2014 automatic termination date, Defendant has continued to collect PMI from Plaintiff. If Plaintiff is forced to continue to pay PMI in violation of this federal statute, then he will have paid nearly $15,000 in additional money to Defendant.

## BACKGROUND

1. Plaintiff purchased a home through builder Richmond American Homes in 2006. As part of this purchase, he borrowed money from Home American Mortgage, which was the builder's in-house mortgage lender.

2. To memorialize the mortgage loan, Plaintiff signed a Note and Deed of Trust.

3. This mortgage loan transaction is a "residential mortgage transaction" under 12 U.S.C. § 4901(15).

4. The loan was originally a fixed rate mortgage as defined in 12 U.S.C. § 4901(3).

5. The terms of this residential mortgage transaction required that the Plaintiff pay for Private Mortgage Insurance ("PMI"), which must be administered in accordance with the Homeowners Protection Act. 12 U.S.C. § 4901 *et seq.*

6. When the residential mortgage transaction was consummated in September 2006, the automatic termination date for PMI was listed on the PMI disclosure document provided at the real estate settlement closing as January 1, 2016.

7. January 1, 2016, was the original automatic termination date because that was the date on which the remaining unpaid principal balance was scheduled to automatically fall below 78% of the original value of the loan. 12 U.S.C. § 4901(18)(A).

2

8.  The "original value" of a residential mortgage transaction is the lesser of the sales price of the property securing the mortgage, as reflected in the contract, or the appraised value at the time at which the subject residential mortgage transaction was consummated.  12 U.S.C. § 4901(12).

9.  The sales price of Plaintiff's property was $395,000.  The appraised value at the time of the purchase was $452,000.  Because the statute requires use of the *lesser* of these two numbers, the "original value" of the residential mortgage transaction was $395,000.

10.  Seventy-eight percent of $395,000 is $308,100.

11.  The automatic termination date, the date at which the principal balance was scheduled to fall below 78%, was thus January 1, 2016.

12.  In September 2010, however, the lender agreed to modify the terms of the original loan.

13.  Under the Homeowners Protection Act, whenever a lender and borrower agree to a modification, then the "termination date […] shall be recalculated to reflect the modified terms and conditions of such loan."  12 U.S.C. § 4902(d) ("Termination of private mortgage insurance: Treatment of loan modifications").

14.  The modified terms and conditions of the residential mortgage transaction included that the loan was no longer fixed rate, but instead became an adjustable rate loan, pursuant to the definition of adjustable rate found in the Homeowners Protection Act. 12 U.S.C. § 4901(1) ("a residential mortgage that has an interest rate that is subject to change.")

3

15. Under the Homeowners Protection Act, when a loan is an adjustable rate loan, the automatic termination date is determined by the "amortization schedule then in effect." 12 U.S.C. § 4901(18)(B).

16. In particular, PMI insurance shall automatically terminate for adjustable rate loans on "the date on which the principal balance of the mortgage *based solely on the amortization schedule then in effect for that mortgage*, and irrespective of the outstanding balance for that mortgage on that date, is first scheduled to reach 78 percent of the *original value* of the property securing the loan." 12 U.S.C. § 4901(18)(B).

17. Defendant Green Tree Servicing, LLC provided an amortization schedule then in effect, meaning that it was the most recent amortization schedule under the terms of the modified loan, which showed that the principal balance of the Plaintiff's mortgage was scheduled to fall below the 78% threshold – $308,100 – with the January 1, 2014 payment.

18. Thus, pursuant to the new terms and conditions of the loan and the dictates of the Homeowners Protection Act, the requirement that Plaintiff pay PMI every month was required to automatically terminate on January 1, 2014.

19. Despite the automatic termination date, Defendant Green Tree continued to collect PMI premiums from Plaintiff.

20. Plaintiff complained to Green Tree, asking that it cease collecting these payments and that it refund his overpayments. Defendant Green refused.

4

21. Plaintiff filed a claim in the Magistrate Court of Jefferson County on January 21, 2014, seeking a refund of his February 2014 PMI payment because it was after the PMI's "automatic termination date."

22. On February 26, 2014, Defendant filed a motion to dismiss. This Motion to dismiss explicitly recognized that the Plaintiff's reference in his Complaint to "automatic termination date" was a reference to 12 U.S.C. § 4902; the Motion cited that particular statute to the Magistrate Court and noted that the terms and conditions under which PMI could be terminated were regulated by that federal law.

23. On June 23, 2014, the Magistrate Court granted the Defendant's motion to dismiss.

24. Plaintiff filed a Notice of Appeal on July 7, 2014.

### COUNT ONE – VIOLATIONS OF HOMEOWNERS PROTECTION ACT

25. Plaintiff realleges all previous paragraphs.

26. Under the Homeowners Protection Act,

> Any servicer [...] that violates a provision of [the Act] shall be liable to each mortgagor to whom the violation relates for (1) [...] actual damages sustained by the mortgagor as a result of the violation, including interest (at a rate determined by the court) on the amount of actual damages, accruing from the date on which the violation commences; (2) [...] such statutory damages as the court may allow, not to exceed $2,000; and [...]; (3) costs of the action; and (4) reasonable attorney fees as determined by the court.

12 U.S.C. 4907 ("Civil Liability").

27. Defendant Green Tree Servicing violated the Homeowners Protection Act each time that it collected PMI insurance premiums from the Plaintiff after the January 2014 automatic termination date.

28. As described in detail above, the automatic termination date as determined for an adjustable rate mortgage prohibits collection of PMI once the principal balance is scheduled to fall below 78% of the original value, pursuant to the amortization schedule then in effect.

29. According to the current amortization schedule, provided to Plaintiff by Defendant, the principal balance was scheduled to fall below 78% of the original value of $395,000 with the January 1, 2014 payment.

30. Despite the automatic termination date coming and going, Defendant Green Tree has continued to force Plaintiff to pay his PMI premium.

31. Defendant violated the Homeowners Protection Act by collecting a premium in February 2014.

32. Defendant violated the Homeowners Protection Act by collecting a premium in March 2014.

33. Defendant violated the Homeowners Protection Act by collecting a premium in April 2014.

34. Defendant violated the Homeowners Protection Act by collecting a premium in May 2014.

35. Defendant violated the Homeowners Protection Act by collecting a premium in June 2014.

36. Defendant violated the Homeowners Protection Act by collecting a premium in July 2014.

37. Defendant has violated the Homeowners Protection Act at least 6 times, and Plaintiff anticipates that Defendant will continue to violate this statute.

38. If Defendant is permitted to continue to collect the PMI premium, as it claims it should, Plaintiff will be forced to pay an additional nearly $15,000 in PMI insurance premiums that Defendant is forbidden by federal law from collecting.

39. Plaintiff seeks to recover his overpayment of PMI premiums, plus interest; the statutory penalty; costs; and reasonable attorney fees.

## COUNT TWO – VIOLATION OF THE WVCCPA

40. Plaintiff realleges all previous paragraphs.

41. Plaintiff is a consumer under W.Va. Code § 46A-1-1 *et seq.*

42. Defendant Green Tree is a debt collector under. W.Va. Code § 46A-1-1 *et seq.*

43. The West Virginia Consumer Credit and Protection Act prohibits a debt collector such as Defendant from making "any false representation or implication of the character, extent or amount of a claim against a consumer." W. Va. Code § 46A-2-127(d).

44. Each time that Defendant stated that Plaintiff owed PMI premiums following the automatic termination date in January 2014, Defendant Green Tree was making a false representation or implication of the character, extent or amount of a claim against Plaintiff.

45. Pursuant to the WVCCPA, consumers such as Plaintiff are entitled to actual damages, statutory penalties, costs, and attorney fees.

## STIPULATION

The amount in controversy does not exceed $74,999.00 and the Plaintiff and

Plaintiff's counsel expressly waive any recovery above this amount.  The Plaintiff refers

to and incorporates by reference the stipulation accompanying the First Amended

Complaint by which Plaintiff and his counsel waive recovery above this amount.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO**

**TRIABLE.**

Curt Rice
By Counsel

Andrew C. Skinner (WV Bar No. 9314)
SKINNER LAW FIRM
P.O. Box 487
Charles Town, WV 25414
(304) 725-7029/Fax: (304) 725-4082
askinner@skinnerfirm.com

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

CURT RICE,

     Plaintiff,

v.                                                    Civil Action No.  14-C-AP-2

GREEN TREE SERVICING, LLC,

     Defendant.

### STIPULATION

Curt Rice and his attorney Andrew C. Skinner stipulate and say the following:

1. The Plaintiff in the above captioned case will neither seek nor accept more than the jurisdictional limit of $74,999.00 per the law on federal diversity jurisdiction.

2. The Plaintiff stipulates that all of his alleged damages, and all other relief including, but not limited to, declaratory, injunctive and equitable relief and attorneys fees and costs set forth in the Complaint are no greater than $74,999.00.

3. To the extent any award or judgment of the Court and/or jury, inclusive of attorney fees and declaratory, injunctive and equitable relief, would be in excess of a combined $74,999.00, the Plaintiff stipulates that he will not be entitled to recover that excess.

_____
Curt Rice

_____
Andrew C. Skinner

Taken, subscribed and sworn to before me by Curt Rice, this _____ day of

_____, 2014.

My commission expires: _Marcl, 8, ____

**AFFIX NOTARIAL SEAL**

Notary Public _____

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
BECKY H MERCER
301 DICKENSON DRIVE
INWOOD, WV  25428
My commission expires March 8, 2022

Taken, subscribed and sworn to before me by Andrew C. Skinner, this _____ day of

_____, 2014.

My commission expires: _March 8 ____

Notary Public _____

**AFFIX NOTARIAL SEAL**

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
BECKY H MERCER
301 DICKENSON DRIVE
INWOOD, WV  25428
My commission expires March 8, 2022

**EXHIBIT A-10**

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

CURT RICE,

       Plaintiff,

v.                                CIVIL ACTION NO. 14-C-AP-2

GREEN TREE SERVICING, LLC,
       Defendant.

### STIPULATION TO EXTEND TIME TO RESPOND
### TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Curt Rice ("Plaintiff") and Defendant Green Tree Servicing, LLC ("Defendant"), by their respective counsel, hereby **STIPULATE**, pursuant to Rule 6(b) of the West Virginia Rules of Civil Procedure and Rule 20.01 of the West Virginia Trial Court Rules, that the deadline by which Defendant must respond to Plaintiff's First Amended Complaint is extended to August 18, 2014.

**AGREED TO BY:**

*Andrew C. Skinner* *

Andrew C. Skinner (WV Bar # 9314)
Skinner Law Firm
P.O. Box 487
Charles Town, WV 25414
304.725.7029
askinner@skinnerfirm.com
*Counsel for Plaintiff*

*Debra Lee Hovatter*

Debra Lee Hovatter (WV Bar # 9838)
Spilman Thomas & Battle, PLLC
48 Donley Street, Suite 800
Morgantown, WV 26507
*Counsel for Defendant*

\* Signed with permission
dlh

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

CURT RICE,

      Plaintiff,

v.                                     CIVIL ACTION NO. 14-C-AP-2

GREEN TREE SERVICING, LLC,
      Defendant.

## CERTIFICATE OF SERVICE

I, Debra Lee Hovatter, hereby certify that a true copy of the foregoing Stipulation to Extend Time to Respond to Plaintiff's First Amended Complaint was served upon the following, by United States Mail, first-class postage prepaid on the 5th day of August, 2014, addressed as follows:

Andrew C. Skinner
Skinner Law Firm
P.O. Box 487
Charles Town, WV. 25414

Debra Lee Hovatter (WV Bar # 9838)