**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CURT RICE,**

      **Plaintiff,**

**v.**                                                      **CIVIL ACTION NO. 3:14-CV-93 (Groh)**

**GREEN TREE SERVICING, LLC,**

      **Defendant.**

**<u>PROTECTIVE ORDER</u>**

      By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by the presiding district or magistrate judge. It is hereby **ORDERED** as follows:

**I. DISCOVERY PHASE**

      A.    If a party or an attorney for a party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party or attorney shall mark each such document or other material as "**CONFIDENTIAL**." If any "**CONFIDENTIAL**" material is inadvertently produced by a party without being marked as "**CONFIDENTIAL**" in accordance with this paragraph, the failure to so mark the material shall not be deemed a waiver of its confidentiality. When the material is designated as "**CONFIDENTIAL**," the parties shall take prompt steps to assure that the material is marked as confidential or returned to the producing party for confidential designation pursuant to this paragraph.

      B.    If a party or an attorney for a party disputes whether a document or other material should be marked "**CONFIDENTIAL**," the parties and/or attorneys shall attempt to resolve the

dispute between themselves. If they are unsuccessful, the party or attorney challenging the "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion.

    C.    No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL,**" or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

    D.    Any document or other material which is marked "**CONFIDENTIAL,**" or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, at any discovery deposition taken in this action. All depositions taken in this action that contain confidential information, or the portion of the deposition containing confidential information, may be designated "**CONFIDENTIAL**" and thereby obtain the protections accorded other "**CONFIDENTIAL**" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "**CONFIDENTIAL**" during the 14 day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses "**CONFIDENTIAL**" information shall be taken only in the presence of the parties, their attorneys, and any person actively engaged in working on this action, whose duties are defined in Paragraph (E).

    E.    If a party or attorney wishes to disclose any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, to any person actively engaged in working on

this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

1. Provide a copy of this Protective Order to the person to whom disclosure is made;

2. Inform the person to whom disclosure is made that s/he is bound by this Protective Order;

3. Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;

4. Instruct the person to whom disclosure is made to return any document or other material which is marked "**CONFIDENTIAL**," at the conclusion of the case, including notes or memoranda made from "**CONFIDENTIAL**" material;

5. Maintain a list of persons to whom disclosure was made and the "**CONFIDENTIAL**" materials which were disclosed to that person; and

6. At the conclusion of the action, gather the "**CONFIDENTIAL**" materials, copies thereof, and related notes and memoranda, and return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order.

Nothing in this Order shall be deemed to limit, prejudice, or waive any right of any party or person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, material claimed to be protected work product or privileged under state or federal law, material as to which the producing party claims a legal obligation not to disclose, or material not required to be produced pursuant to the Federal Rules of Civil Procedure; (b) to seek to modify or obtain relief from any aspect of this Order; (c) to object to the use, relevance, or admissibility at trial of any evidence, whether or not comprised of Confidential material governed by this Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

**II. POST-DISCOVERY PHASE**

If any party or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "**CONFIDENTIAL**" document or material, s/he must provide reasonable notice to the party that

3

produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "**CONFIDENTIAL**" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with (a) Local Rule of Civil Procedure 26.05, and (b) controlling precedent. *See, e.g., Press-Enterprise Co. v. Superior Court,* 478 U.S. 1, 8-9 (1986); *Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).

**ENTERED** this \_\_\_\_\_ day of _____, 2015.

_____
Gina M. Groh
United States District Judge

Submitted and Agreed to by:

| | |
|---|---|
| /s/ Andrew C. Skinner | /s/ Debra Lee Hovatter |
| Andrew C. Skinner (WV Bar No. 9314) | Debra Lee Hovatter (WV Bar #9838) |
| Skinner Law Firm | Spilman Thomas & Battle, PLLC 615 |
| P.O. Box 487 | P.O. Box 615 |
| Charles Town, WV  25414 | Morgantown, WV  26507-0615 |
| 304.725.7029 | 304.291.7920 |
| 304.725.4081 (Facsimile) | 304.291.7979 (Facsimile) |
| askinner@skinnerfirm.com | dhovatter@spilmanlaw.com |
| ***Counsel for Plaintiff*** | ***Counsel for Defendant*** |