**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**CURT RICE,**

      Plaintiff,

v.                                               **CIVIL ACTION NO.: 3:14-CV-93
(GROH)**

**GREEN TREE SERVICING, LLC,**

      Defendant.

## **MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND**

Currently pending before the Court is the Plaintiff's Motion for Remand, [ECF 6], filed on September 17, 2014. The Plaintiff avers that his original *pro se* complaint stated a federal cause of action, that the Defendant failed to remove this matter within thirty days of receipt of the original complaint, and therefore that the Defendant's removal of the Plaintiff's amended complaint to federal court was untimely and improper. For the following reasons, the Court **DENIES** the Plaintiff's motion.

### **I. Background**

The Plaintiff, while acting *pro se*, filed a complaint against the Defendant on January 21, 2014 in the Magistrate Court of Jefferson County, West Virginia. On a pre-printed civil complaint form, the Plaintiff wrote the following two sentences in the space provided for a clear and simple statement of his claim: "Defendant has billed and removed funds from escrow account for Private Mortgage Insurance (PMI) after automatic termination date. Account is for primary residence in Jefferson County, WV." On February 26, 2014, the Defendant filed a motion to dismiss the *pro se* complaint. In the motion to dismiss, the

Defendant argued the automatic termination date had not yet occurred. The Defendant wrote, "The conditions and terms under which PMI may be terminated are regulated by federal law," and cited to 12 U.S.C. § 4902, a provision of the federal Homeowners Protection Act ("HPA"). The Magistrate Court granted the Defendant's motion to dismiss on June 23, 2014.

On July 7, 2014, the Plaintiff obtained counsel and filed a notice of appeal of the Magistrate Court's order. On July 22, 2014, he moved for leave to file an amended complaint in the Circuit Court of Jefferson County. The Circuit Court granted leave to file an amended complaint on July 24, 2014. The Plaintiff's amended complaint was filed the same day. The Plaintiff's amended complaint was approximately nine pages in length and explicitly sought recovery under both the HPA and the West Virginia Consumer Credit and Protection Act ("WVCCPA"). On August 18, 2014, the Defendant removed the case to this Court, alleging federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. On September 17, 2014, the Plaintiff filed a motion to remand to state court. The Defendant responded, and the Plaintiff replied.

The Plaintiff argues the Defendant's removal was untimely because the original *pro se* complaint was clearly brought pursuant to the federal HPA, and therefore the Defendant was required to file its notice of removal within thirty days of receipt of the complaint. The Defendant counters that the Plaintiff's original *pro se* complaint was not removable under the well-pleaded complaint rule, because it did not adequately present a federal question on its face. The Defendant asserts that this matter first became removable upon the Defendant's receipt of the amended complaint on July 24, 2014, and that its notice of removal was timely filed on August 18, 2014. The issue before this Court is whether the

2

Plaintiff's original *pro se* complaint was removable.

## II. Applicable Law

Under 28 U.S.C. § 1441(b), a defendant may remove a civil action from state court to federal court if the complaint states a claim "arising under" federal law. To do so, a defendant must file a notice of removal with the appropriate district court, containing "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Id. § 1446(b)(1). If the case stated by the initial pleading was not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3).

"The burden of demonstrating jurisdiction resides with 'the party seeking removal.'" Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005) (quoting Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). Because removal jurisdiction raises significant federalism concerns, federal courts must strictly construe removal statutes. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).

A federal controversy "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936). If federal jurisdiction is doubtful, a remand to state court is required. Md. Stadium Auth., 407 F.3d at 260. On the other hand, if this Court has jurisdiction, it must exercise it. See Gum v. Gen. Elec. Co., 5 F. Supp. 2d 412, 415 (S.D.W. Va. 1998) ("It is well-established federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'").

Federal question jurisdiction exists for civil actions arising under the Constitution and laws or treaties of the United States. 28 U.S.C. § 1331. Under the well-pleaded complaint rule, the plaintiff's complaint is determinative of federal jurisdiction. This longstanding rule holds that "a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (alteration in original) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Thus, federal question jurisdiction should be clear from the face of the complaint and cannot be based upon a federal law defense or a plaintiff's anticipation of such a defense. See Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986). Courts are not required "to inquire into the subjective knowledge of the defendant," but rather may rely on the initial pleading and the documents exchanged by the parties to determine when a defendant had notice of the grounds for removal. Lovern v. Gen. Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997).

### III. Discussion

The Plaintiff supports his argument that the *pro se* complaint was removable by referencing two details from the parties' initial pleadings. First, he argues it was apparent

on the face of the complaint that his claim relied on a federal statute, because the *pro se* complaint concerned PMI and included the term "automatic termination," which is defined in 12 U.S.C. § 4902(b). Second, he highlights that the Defendant, in its motion to dismiss the *pro se* complaint, directly cited to § 4902 and stated, "The conditions and terms under which PMI may be terminated are regulated by federal law." The Plaintiff asserts it is disingenuous for the Defendant to now claim the *pro se* complaint was not removable.

The Defendant states that the *pro se* complaint did not clearly reference any federal law and did not give any indication of the Plaintiff's intent to seek relief under a federal statute. The Defendant contends the mere mention of a term, such as "automatic termination," does not equate to an affirmative statement of a federal cause of action. The Defendant maintains that, to the contrary, the Plaintiff's *pro se* complaint could have been susceptible to multiple interpretations as to what relief was sought, including interpretations that would have required remand to state court had the Defendant sought removal.

After careful review, the Court finds the Plaintiff's *pro se* complaint was insufficient to establish federal question jurisdiction on its face, and therefore, the Defendant's failure to file a notice of removal within thirty days after receipt of the *pro se* complaint does not require remand. While the Plaintiff argues the Defendant should have known the *pro se* complaint was referencing a claim under federal law, courts are not required "to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when." Lovern, 121 F.3d at 162. For this reason, the thirty-day deadline to file for removal is not triggered when "only a guess by [a defendant] would have indicated the case was removable." Pack v. AC & S, Inc., 838 F. Supp. 1099, 1102 (D. Md. 1993).

5

The Defendant avers the *pro se* complaint could have been interpreted as asserting myriad non-federal claims. The Defendant argues that, for example, the Plaintiff could have intended to allege the Defendant's conduct in removing funds from the Plaintiff's account amounted to breach of contract, fraud, misrepresentation, unjust enrichment, improper accounting, or a violation of the WVCCPA. Indeed, the Defendant cites to multiple cases in which non-federal claims were asserted by plaintiffs alleging similar facts. In Fellows v. CitiMortgage, Inc., 710 F. Supp. 2d 385, 389 (S.D.N.Y. 2010), a plaintiff alleged that a mortgage servicer had wrongfully failed to cancel his PMI. The plaintiff brought suit under the New York Deceptive Trade Practices Act, and also alleged breach of contract and breach of the implied covenant of good faith and fair dealing under New York law. Id. In Dwoskin v. Bank of Am., N.A., 850 F. Supp. 2d 557, 561 (D. Md. 2012), the plaintiffs alleged that a bank falsely promised PMI would not be placed on their property. When the plaintiffs discovered that PMI had been placed on their property without their consent, they alleged not only violations of the HPA and the Maryland Consumer Protection Act, but also that the bank's conduct was fraudulent or constituted negligent misrepresentation. Id. Here, the Plaintiff's failure to state a cause of action leaves the basis for his *pro se* complaint open to interpretation, and the possibility of non-federal theories of liability weighs against finding removability. Cf. Mulcahey, 29 F.3d at 153 ("[I]f a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist.") (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 811 (1988)); Greer v. Crown Title Corp., 216 F. Supp. 2d 519, 523 (D. Md. 2002) (granting a motion to remand, despite the plaintiff's complaint

repeatedly referencing a federal real estate statute, when the complaint's other allegations left "room to find Defendants liable under other, non-federal theories").

Here, as the Plaintiff failed to allege any specific cause of action, federal question jurisdiction was not clearly shown on the face of the complaint. "A case is not removable 'simply because the factual allegations of the complaint could have formed the basis for reliance on federal law.'" Guzzi v. Clarksburg Water Bd., Civil Action No. 1:07-CV-60, 2008 WL 919541, at *2 (N.D.W. Va. Apr. 3, 2008) (quoting Spaulding v. Mingo Cnty. Bd. of Educ., 897 F. Supp. 284, 287 (S.D.W. Va. 1995)). Accordingly, the Court finds the *pro se* complaint was insufficient to establish federal question jurisdiction.

Requiring a defendant to guess at a plaintiff's intended cause of action upon receipt of such a vague complaint would pose a burden on parties and on the courts. In a 2012 case, the United States District Court for the Western District of Virginia considered a suit filed by two homeowners, the Taylors, after Bank of America began foreclosure proceedings on their home. Taylor v. Bank of America, Civil Action No. 7:12-CV-00010, 2012 WL 871049, at *1 (W.D. Va. Mar. 14, 2012). In their complaint, the Taylors alleged that Bank of America had deceived, defrauded, misinformed, and humiliated them, amongst other claims. Id. These state law claims were presented together with "several interspersed references to the federal HAMP [Home Affordable Modification Program] regulations." Id. The defendants removed the case on the basis of federal question jurisdiction, and the Taylors filed a motion to remand. Id. The district court granted the motion to remand, finding that although the complaint referenced HAMP, the face of the complaint offered "no sure basis" for concluding that the Taylors sought to enforce federal guidelines or that they were asserting claims dependent upon a substantial question of

federal law. Id. The Taylors' complaint had "not asserted any coherent federal claim, much less affirmatively alleged one." Id. at *2. Because the Taylors' complaint made "no recognizable effort to assert a federal right to relief" on its face, it was "unclear whether the Taylors' claims would require a court to rely on federal law." Id.

In the instant case, just as the Taylors' complaint was insufficient despite references to HAMP regulations, the Plaintiff's *pro se* complaint did not affirmatively allege a federal claim, despite its references to PMI and automatic termination. Unlike the complaint in Taylor, which explicitly referenced federal regulations, the *pro se* complaint did not directly cite the HPA or any other federal law. The *pro se* complaint utilized terminology integral to provisions of the HPA, but this did not demonstrate the Plaintiff's intent to pursue a federal cause of action under the HPA. The Plaintiff's *pro se* complaint could have been intended to convey non-federal claims, like those asserted in Taylor, Dwoskin, and Fellows.

The United States District Court for the Eastern District of New York has addressed "whether removal, in a non-diversity case, is required within 30 days of receipt of a complaint that makes no specific statutory or other reference to state or federal law but does allege a claim cognizable under federal law." Soto v. Apple Towing, 111 F. Supp. 2d 222, 223 (E.D.N.Y. 2000). The plaintiff in Soto filed a complaint alleging he was fired because of his Puerto Rican national origin. Id. at 224. Although his complaint was cognizable under federal law, the plaintiff's pleading referenced "no law, federal or state." Id. More than thirty days after receiving the complaint, the defendants removed the case upon receiving a letter from the plaintiff's counsel that stated the specific statutory basis for the claim. Id. The plaintiff argued that removal was untimely because a federal claim was evident from the face of his original complaint. Id. The court disagreed, finding that the

defendants could not have ascertained removability from the face of the complaint alone. Id. "Any other resolution of this question is undesirable," the court stated, because enforcing the thirty-day deadline to remove upon receipt of such a complaint would "give rise to cases of unwarranted removal, resulting in unnecessary, wasteful litigation and expense in . . . federal court." Id. at 224-25 (quoting E.W. Howell Co. v. Underwriters Lab., Inc., 596 F. Supp. 1517, 1520 (E.D.N.Y. 1984)) (internal quotation marks omitted). Additionally, the Soto court found it was not unreasonable for the defendants "to refrain from filing a removal notice upon receipt of such an ambiguous complaint," in part because removal statutes are construed in favor remand. Id. at 224.

Here, although the *pro se* complaint inferentially alleged a claim cognizable under federal law, it did not explicitly state a federal cause of action and was reasonably susceptible to interpretations indicating a non-federal basis. Where grounds for removal are "obscured or omitted, or indeed misstated, that circumstance makes the case 'stated by the initial pleading' not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal." Lovern, 121 F.3d at 162. Accordingly, it was not improper for the Defendant to attempt to dismiss the *pro se* complaint in Jefferson County, and to then file for removal when federal question jurisdiction actually became apparent.

To support his argument that the *pro se* complaint made it sufficiently apparent the case was removable, the Plaintiff relies on Graham v. W. Va. Div. of Highways, 245 F. Supp. 2d 836 (S.D.W. Va. 2003). The plaintiffs in Graham argued for remand on the basis of untimely filing of the notice of removal. Id. at 838. The defendants contended they were unable to ascertain federal question jurisdiction from the face of the plaintiffs' complaint.

Id. The defendants argued the complaint was vague because it incorrectly identified a federal statute by multiple different names, such as the "Uniform Relocation Assistant and Land Acquisitions Act of 1970," instead of properly calling it the "Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970." Id. The court found that the plaintiffs' inaccurate references to the formal title of a federal statute were not so vague as to obscure the federal question, and the defendants' failure to file a notice of removal within thirty days of receipt of the original complaint rendered their subsequent removal untimely. Id. at 840.

The instant case is not directly analogous to Graham. The plaintiffs in Graham specifically alleged a violation of a federal statute, although in an imprecise manner, and their complaint repeatedly and expressly referenced their federal cause of action. Id. In this case, the *pro se* complaint inferentially alleged a claim cognizable under federal law, but under the circumstances that was insufficient to satisfy the well-pleaded complaint rule. Without additional facts or specific reference to a federal cause of action, the one sentence allegation contained in the *pro se* complaint could have represented a state law claim. See Fellows, 710 F. Supp. 2d at 389.

In its motion to dismiss, the Defendant stated that "[t]he conditions and terms under which PMI may be terminated are regulated by federal law." The Plaintiff avers that, because the Defendant referenced § 4902 in its motion to dismiss, the Defendant has essentially conceded the presence of a federal question in the *pro se* complaint. The Defendant calls this a mischaracterization of its argument. The Defendant asserts that it cited to § 4902 not to classify the Plaintiff's cause of action as arising under federal law, but rather as a defense to the Plaintiff's statement that the automatic termination date of his

PMI had passed. Because the Plaintiff based his *pro se* complaint on an allegation that the Defendant continued to bill his escrow account after his automatic termination date passed, the Defendant responded by asserting that the automatic termination date, governed by § 4902, had not yet occurred.

It is "settled law that a case may *not* be removed to federal court on the basis of a federal defense." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987). While the Court may look to the documents exchanged between the parties to determine when the Defendant had notice of the grounds for removal, Lovern, 121 F.3d at 162, the Defendant's argument in its motion to dismiss does not serve as proof that a federal question existed on the face of the *pro se* complaint.

The Defendant's response to the Plaintiff's motion to remand addresses the complete preemption doctrine. The complete preemption doctrine provides that "if the subject matter of a putative state law claim has been totally subsumed by federal law—such that state law cannot even treat on the subject matter—then removal is appropriate." Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005). In the instant case, if the HPA served to completely preempt any state law claims raised by the Plaintiff, the *pro se* complaint may well have established that federal jurisdiction was appropriate. The HPA at § 4908, in a section titled "[e]ffect on other laws and agreements," describes which laws the statute supersedes and which so-called "protected" state laws are not superseded. A handful of courts have analyzed whether certain state law causes of action were preempted by the HPA. Some have found state law claims were not preempted. See Dwoskin, 850 F. Supp. 2d at 568 (holding plaintiffs' fraud claims were not preempted and that allowing such claims to proceed was not inconsistent with the HPA); Scott v. GMAC Mortg., LLC,

Civil Action No. 3:10-CV-00024, 2010 WL 3340518, at *5 (W.D. Va. Aug. 25, 2010) (finding a plaintiff's fraud claims were not preempted, where allowing the claims to proceed would not "confound Congress's objective in passing the HPA"). Others have found state law claims preempted. See Augustson v. Bank of Am., N.A., 864 F. Supp. 2d 422, 437 (E.D.N.C. 2012) (finding plaintiffs' claims of fraud and negligent misrepresentation fell within the heart of the HPA's preemption clause). Given the nature of the *pro se* complaint, the Court finds the complete preemption doctrine does not apply under these circumstances.

The Plaintiff's references to PMI and automatic termination were insufficient to make federal question jurisdiction apparent within the four corners of the *pro se* complaint. The Defendant filed its notice of removal within thirty days of receipt of the Plaintiff's amended complaint, which established a federal cause of action on its face. Therefore, the Defendant's removal of this matter was timely.

As a final matter, the Court denies the Plaintiff's request for attorney's fees. Because removal was proper, the Defendant had "an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

## IV. Conclusion

Accordingly, the Court **DENIES** the Plaintiff's Motion to Remand.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** March 31, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE