**Debra Lee Hovatter**

From: Curt Rice <crice@broadaspect.com>
Sent: Monday, February 17, 2014 8:14 PM
To: Debra Lee Hovatter
Subject: Re: Rice v. Green Tree

EXHIBIT A

Bank of America did a valuation on my home in 2010. They declined to use that valuation in the modification, I had no bearing on that decision.

So, they valuation of my home stands on the original valuation of $395,000. As per the Home Owners Protection Act. Because the law, my modification and my mortgage agreement say it is so.

Also from the FDIC on the Homeowners Protection Act:
"There is no provision in the automatic termination section of the Act, as there is with the borrower-requested PMI cancellation section, that protects the lender against declines in
property value or subordinate liens.The automatic termination provisions make no reference to good payment history (as
prescribed in the borrower-requested provisions), but state only that the borrower must be current on mortgage payments
(12 USC§ 4902(b)"

The lenders have collected $19,000 in pmi payments from me, an additional $20,000+ by delaying my modification by 2-1/2 years. I had to declare bankruptcy in November 2010. Yet through all of that, I always made my mortgage payment on time.
I have fought tooth and nail to keep this roof over my family's heads.
Why do you feel I should have to pay an additional $15000 in "insurance" that does not protect my interests?

-Curt

---

From: "Debra Lee Hovatter" <DHovatter@spilmanlaw.com>
To: "Curt Rice" <crice@broadaspect.com>
Sent: Monday, February 17, 2014 7:45:59 PM
Subject: RE: Rice v. Green Tree

Curt,
But you said the value on your property was $322,000 in 2010. That would make your LTV 95%. How can you claim an automatic termination when you admit the value is not $395,000?

**Debra Lee Hovatter**
304.291.7951 - office
304.216.5835 - mobile
DHovatter@spilmanlaw.com

1

**From:** Curt Rice [mailto:crice@broadaspect.com]
**Sent:** Monday, February 17, 2014 7:28 PM
**To:** Debra Lee Hovatter
**Subject:** Re: Rice v. Green Tree

That is correct. My LTV is currently: $306,788.10(Loan)/$395,000(Value) = .77667.

I cannot calculate the amortization schedule. But, whatever that schedule looks like, I crossed the line for automatic termination.

-Curt

---

**From:** "Debra Lee Hovatter" <DHovatter@spilmanlaw.com>
**To:** "Curt Rice" <crice@broadaspect.com>
**Sent:** Monday, February 17, 2014 6:18:47 PM
**Subject:** RE: Rice v. Green Tree

Curt,
   I looked at the link and also at 12 USC 4902(d).
   You say below that your LTV is currently > 78%.   The LTV has to be under 80% to have the PMI canceled.   Did you mean your LTV is greater than 78%?


**Debra Lee Hovatter**
304.291.7951 - office
304.216.5835 - mobile
DHovatter@spilmanlaw.com

---

**From:** Curt Rice [mailto:crice@broadaspect.com]
**Sent:** Monday, February 17, 2014 4:08 PM
**To:** Debra Lee Hovatter
**Subject:** RE: Rice v. Green Tree

Dear Ms. Hovatter,
Thank you for your call.
I had a quick second, I put this together.

Here is the Fannie Mae guidelines:
https://www.fanniemae.com/content/RoboHelp/genservjobaids/handling_mortgage_insurance_termination_and_cancellation.htm

The section that applies to my case is the Automatic Termination section at the top of the page, I am not asking for a Borrower-initiated cancellation.

2

I understand that the automatic cancellation is based upon an amortization schedule. The original amortization schedule is no longer valid because of the modification. The amortization schedule Green Tree wants to use is not valid because the valuation they want to use was not entered into the modification agreement.

Under the Homeowners Protection Act 12USC 4902(d), when a mortgage is modified the final termination date must be recalculated to reflect the terms of the modification. To my knowledge, this was never done.

Since my LTV is currently >78%, I meet all the conditions for automatic removal.

I just kind of banged this out quickly, I hope you can follow my logic. Please feel free to call me if I can clarify any further.

Regards,
Curt Rice